JUAN BAUTISTA PEDRO Y VARONA, Plaintiff, *v.* JUAN BAU-
TISTA PEDRO Y BARO, LUCY LACOSTE DE PEDRO, GEORGE
WRIGHT HINCKLEY, Individually and as Trustee Under
a Certain Indenture Made By and Between JUAN BAU-
TISTA PEDRO Y VARONA, JUAN BAUTISTA PEDRO Y BARO
and GEORGE WRIGHT HINCKLEY, Dated November 30,
1906; CARMEN MONTEVERDE DE PEDRO, Individually and
as Trustee Under a Certain Indenture Made By and Be-
tween Said CARMEN MONTEVERDE DE PEDRO and JUAN
BAUTISTA PEDRO Y VARONA, Dated February 4, 1910, in
Accordance with the Terms of Said Indenture Dated No-
vember 30, 1906, and ALEXINA MONTEVERDE DE PEDRO,
an Infant Under the Age of Fourteen Years, Defendants.

(Supreme Court, New York Special Term, March, 1911.)

Infants — Contracts — Ratification of contract; Avoidance of contract
— Time for disaffirmance.

An infant may disaffirm a deed of trust made for his benefit
within a reasonable time after reaching full age.

Where an infant executes a deed of trust for his benefit, the
fact that for a year after becoming of age he received the in-
terest from the trustee not knowing that he was entitled to dis-
affirm the deed of trust but accepted no income to which he was
not entitled constitutes no ratification of the deed of trust.

Where, pending a suit to disaffirm his deed of trust, the infant
was advised by counsel that the instrument could be revoked by
consent of the parties thereto, and upon the resignation of the
trustee the infant under a power in the deed designated a sub-
stituted trustee who entered into an agreement annulling the
deed of trust, and the infant upon learning that the revocation
by consent was ineffective brought another suit to disaffirm the
deed of trust, he was not estopped from maintaining the suit by
the execution of the instrument, the object of which was to in-
validate the original deed of trust.

TRIAL before the court sitting without a jury.

Greene, Hurd & Stowell (George F. Hurd, of counsel),
for plaintiff.

Solomon Hanford, for defendant Hinckley.

Francis B. Sanford, for defendant Carmen Monteverde de Pedro, individually and as trustee, etc.

Henry B. Pogson, for defendant Lucy Lacoste de Pedro.

Strong, Smith & Strong (Leonard B. Smith, of counsel), for Aldina Monteverde, guardian *ad litem* of the defendant Alexina Monteverde de Pedro.

LEHMAN, J. The plaintiff seeks to disaffirm a deed of trust executed by him in the year 1906 while he was still an infant. The plaintiff is a native of the island of Cuba. Under the will of his grandmother, who died in the year 1902, he was entitled to a legacy of about $100,000. By the Cuban law the plaintiff would be entitled to the legacy only when he arrived at the age of twenty-three, or was previously emancipated by his father, or married with his father's consent. If he married without his father's consent he would become entitled to so much of the income as would provide for his proper support, taking into consideration his social standing, manner of education, etc. The plaintiff, previous to September, 1906, had attended Cornell University for two years. In that month he informed his father that he was about to marry. A quarrel arose between father and son over his approaching marriage, and the father said that he would not give the son another cent and that the boy would starve unless he would consent to putting the legacy from his grandmother in trust, in which case he would receive the income therefrom. The plaintiff thereupon married and joined in the execution of the indenture of trust. While, in view of the evident inexperience and extravagant tendencies of the plaintiff, his interests would perhaps be best subserved if he would to-day ratify the trust and place the *corpus* of his estate beyond his own reach, this question is not before me. The indenture was executed while the plaintiff was an infant under the laws of both New York and Cuba, and he had a right to disaffirm the deed when he reached his majority. There is no limitation upon this right if seasonably exercised. As soon as he became an adult he, and not the

court, had a right to determine whether or not the contract was beneficial to him. The sole question which I have to decide is whether or not the plaintiff, either by acquiescence or by affirmative acts, ratified the contract. The testimony as to the residence of the plaintiff is not entirely satisfactory; but, for the purposes of this case, I have accepted the view most unfavorable to the plaintiff — that he was at the time that the indenture of trust was executed and still is a resident of New York and that he reached his majority on September 6, 1907. For a year thereafter he did not disaffirm the deed and received the interest from the trustee. In view, however, of the fact. that he did not know that he was entitled to disaffirm and that he accepted no income to which he was not unquestionably entitled under the laws of this jurisdiction and which he would have obtained under the laws of 'Cuba regardless of the deed of trust, such delay certainly constituted no ratification. In September, 1908, while a divorce suit was pending between his wife and himself, he learned of his right to disaffirm, and thereafter promptly started proceedings for this purpose. If this suit had come to trial, I believe that the plaintiff would have been unquestionably entitled to a judgment in his favor. Before it was tried the plaintiff, who had then remarried, was advised by his counsel that the deed of trust could be revoked by consent of the parties to the original deed. The trustee under that deed objected to taking the responsibility of consenting and resigned his trust; and, by virtue of a power contained in the original deed, the plaintiff designated his wife as substituted trustee, and the plaintiff, his father and the wife entered into an agreement annulling the original deed, and the equitable action was discontinued. Thereafter it became evident that the revocation by consent was not effective, and the plaintiff has brought this action. All the parties are satisfied to allow the avoidance of the original deed except the guardian *ad litem* for plaintiff's infant child. She urges that the instrument designating the trustee was specifically made in obedience to the terms of the instrument which plaintiff now seeks to avoid and, therefore, constitutes ratification of that instrument. While I cannot agree with

this contention, at first glance it seems to have considerable force. "Any written instrument signed by the party, which, in case of adults, would have amounted to the adoption of the act of a party acting as agent, will, in the case of an infant, who has attained his majority, amount to a ratification." Henry v. Root, 33 N. Y. 526, 549.

In this case, however, it appears undisputed that the second instrument was executed only for the purpose of providing an easy method of avoiding the earlier instrument by substituting a willing trustee for an unwilling one. It was executed and delivered simultaneously with a specific revocation of the earlier instrument. It was intended to be effectual only to render the revocation valid. The ratification by the infant after he has attained his majority depends upon his intention, and he never intended to ratify or to gain any advantage under the first instrument after attaining his majority. It is immaterial whether or not this court could set aside the second instrument because it was executed under a mistake of law. Its validity depends upon the validity of the prior instrument in obedience to the terms of which this instrument was made. Nor does any estoppel arise by virtue of its terms. An estoppel by deed has been defined as " a preclusion against the competent parties to a valid sealed contract, and their privies, to deny its force and effect by any evidence of inferior solemnity." Bigelow Estop. (5th ed.) 332. Where the sealed instrument is specifically and in terms made under a power given under an earlier deed of trust, and creates no new rights in the *cestuis que trustent,* and merely designates a new trustee who joins in the prayer that the deed of trust be declared void, it certainly cannot be held that the new instrument estops the maker from showing that the prior instrument was invalid. Its sole effect must be on the question of ratification; and, where simultaneously with the instrument a revocation of the prior deed of trust was executed, I am constrained to hold that there has been no ratification.

Upon the question of costs, I find that the original trustee and the infant defendant have been made parties to the action without fault of their own and should receive costs as

against the plaintiff. While the case is one in which an extra allowance may properly be allowed, I do not find that the trustee should receive any considerable extra allowance. He had resigned his trust and was no longer interested in any question as to its validity. The only purpose in making him a party and the only prayer for relief against him is to obtain from him valid transfers of securities received by him as trustee. While it is probable from the testimony that he has made such transfers, he has not seen fit to put in any evidence as to their form. It seems to me that I cannot now conclusively hold that these assignments were sufficient to transfer full title, nor do I believe that he can be injured by an order to transfer such securities as have not been already properly transferred by him. I feel that an extra allowance of $100 is as much as I have a right to allow under these circumstances.

The attorney for the guardian *ad litem* has been obliged to study the intricate questions of law and, by his clear statement of the points involved, has assisted me in arriving at a determination. I find that he is entitled to an extra allowance of $400.

Costs, but no allowances, are granted to the attorney for Carmen Monteverde de Pedro.

Judgment accordingly.